IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIM CARTER and JOHN LaPOINTE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| The Vessel BEACON, her engines, tackle | § | |
| and apparel, *in rem*, | § | |
| | § | IN ADMIRALTY |
| Defendant. | § | |

## COMPLAINT

The complaint of JIM CARTER and JOHN LaPOINTE, against the vessel BEACON, her engines, tackle and apparel, etc. , *in rem*, in a cause of action, civil and maritime, alleges as follows:

### Jurisdiction and Parties

1.      This is a case of admiralty or maritime jurisdiction of which this court has original jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Plaintiffs are both residents of Mobile County, ALabama.

3.      The Vessel BEACON (hereinafter the "**Vessel**") is, on information and belief, a Panamanian flag vessel owned by Global Exploration Holdings, Ltd, and is currently within this district and within the jurisdiction of this court.

## Cause of Action

4.      Plaintiffs were engaged by the owner or operator of the Vessel to travel to Salinas, Ecuador to serve as seaman aboard the Vessel.  Plaintiff, Jim Carter, was engaged as the Master of Vessel at an agreed upon rate of $300.00 per day, and Plaintiff, John LaPointe, was engaged as Chief Mate, at an agreed upon rate of $250.00 per day.  These services commenced at Salinas, Ecuador on or about November 22, 2008.  Plaintiffs were engaged primarily to serve as seamen aboard the Vessel to sail the same from Salinas, Ecuador to Dauphin Island, Alabama.  In route to Dauphin Island, Alabama, the Vessel docked in Tumaco, Columbia and Cologne, Panama, and finally arrived at Dauphin Island, Alabama on or about January 5, 2009.

5.      Plaintiff, Jim Carter, avers that he earned $28,500.00 as Master of the Vessel at the agreed upon rate, but that he has only been paid $6,500.00, leaving a balance of $22,000.00 owed with regard to his wages.

6.      Plaintiff, John LaPointe, avers that he earned $23,750.00 as Chief Mate of the Vessel at the agreed upon rate, but that he has only been paid $5,000.00, leaving a balance of $18,750.00 owed with regard to his wages.

7.      Plaintiffs aver that the owner of the Vessel has refused to pay their unpaid wages and that this refusal was without sufficient cause.  Plaintiffs therefore claim penalty wages equal to two days wages for each day payment is delayed under the applicable federal statute, 46 U. S.C. A. § 10504.  Plaintiffs also claim interest and attorneys fees.

8.      Plaintiff, Jim Carter, claims a maritime lien against the Vessel in the amount of $22,000.00, plus penalties, interest and attorneys fees.

9.      Plaintiff, John LaPointe, claims a maritime lien against the Vessel in the amount of $18,750.00, plus penalties, interest and attorneys fees.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs pray as follows:

A.      That process in due form of law, according to the rules and practices of this court in causes of maritime and admiralty jurisdiction, may issue against the Vessel BEACON, her engines, tackle and apparel, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above;

B.      That this Court determine the amount of the unpaid wages, together with all applicable penalties, interest and attorneys fees;

C.      That judgment be entered against the Vessel BEACON, *in rem*, for said unpaid wages and penalties, together with prejudgment interest and attorneys fees;

D.      That this Court find that Plaintiffs have a valid and subsisting maritime lien against the Vessel for the amount so determined by this Court;

E.      That this Court order and adjudge that the Vessel BEACON be condemned and sold to pay said unpaid wages and penalties, together with the prejudgment interest and attorneys fees; and

F.      That the Plaintiffs have such further, other and different relief as justice may require.

_____

J. W. GOODLOE, JR.                    GOODJ4985
R. W. HARRELL, III                    HARRR3211
Attorneys for Plaintiffs, Jim Carter and John LaPointe

OF COUNSEL:

VICKERS, RIIS, MURRAY AND CURRAN, L.L.C.
Post Office Drawer 2568
Mobile, Alabama  36652-2568
(251) 432-9772

## VERIFICATION
(Jim Carter)

STATE OF ALABAMA,
COUNTY OF MOBILE,

BEFORE ME, the undersigned authority in and for said county in said state, personally appeared JIM CARTER, who after first being duly sworn, deposes and says:

That he has read the foregoing Complaint and is familiar with its contents, which contents, which contents are true to his personal knowledge or based upon his information and belief; that as to those matters based on information and belief, he believes them to be true, and that the sources of his information and the grounds for his belief are matters personally known to him and documentation papers respecting the Vessel.

JIM CARTER

Sworn to and subscribed before
me on this the 4th day of
March, 2009.

NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES: Dec 15, 2016

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 15, 2016

00287387.WPD-1

Page 5 of 6

**VERIFICATION**
(John LaPointe)

STATE OF ALABAMA,
COUNTY OF MOBILE,

BEFORE ME, the undersigned authority in and for said county in said state, personally appeared JOHN LaPOINTE, who after first being duly sworn, deposes and says:

That he has read the foregoing Complaint and is familiar with its contents, which contents, which contents are true to his personal knowledge or based upon his information and belief; that as to those matters based on information and belief, he believes them to be true, and that the sources of his information and the grounds for his belief are matters personally known to him and documentation papers respecting the Vessel.

_____
JOHN LaPOINTE

Sworn to and subscribed before
me on this the 4th day of
March, 2009.

_____
NOTARY PUBLIC
My Commission Expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 15, 2010

00287387.WPD-1