IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIM CARTER and JOHN LaPOINTE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-117-CG-N |
| | ) | |
| The Vessel BEACON, her engines, | ) | |
| tackle and apparel, *in rem*, | ) | |
| | ) | IN ADMIRALTY |
| Defendant. | ) | |

ORDER

By order (doc. 33) dated November 3, 2009, the court set November 17, 2009, as the deadline for defendant to show cause why plaintiffs' Motion to Compel Discovery Responses (doc. 29) should not be granted. Plaintiff has made no response to date. The following facts are thus deemed uncontested:

Plaintiff propounded Interrogatories and Requests for Production on defendant on August 4, 2009. (Doc. 29, Exhibit A) On September 2, 2009, defendant's counsel requested and received an informal extension to September 17, 2009, in which to respond. On September 16, 2009, defendant's counsel requested and received another informal extension to September 24, 2009. Defendant served its responses on September 24, 2009, but stated in a separate communication that the filing was made to preserve the defendant's objections and that document production would be forthcoming. (Doc. 29, Exhibit B).

The Response did not address Interrogatories 1-7 and 10; defendant objected to Interrogatory 8 as "vague and unclear as to meaning;" provided the name of the owner of the vessel in response to Interrogatory 9, and objected to Interrogatory 11 as "irrelevant." The Response was not signed under oath. The Response also failed to address Requests for

Production 1,2,7 and 8. Defendant objected to Requests 3, 5 and 9 as irrelevant and "unduly intrusive into proprietary business affairs, and to Requests 4 and 6 as vague and unclear. No documents have been produced.

> The Rule 16(b) Scheduling Order (doc. 27) entered in this action provides as follows:
>
> Conferencing by Counsel. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery related issues. This requirement applies to all such discovery-related motions ... . **In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter. Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken or denied.**

(Emphasis added)

The scheduling order also included the following explanatory footnote concerning the conferencing requirement:

> The undersigned interprets the Federal Rules of Civil Procedure to mean that parties should attempt in good faith to work out any discovery disputes prior to asking for court intervention. When court intervention is required, the requesting party must certify to the Court its good faith efforts in resolving the issue short of court intervention. See e.g., <u>Shuffle Master, Inc. v. Progressive Games, Inc</u>., 170 F.R.D. 166, 171 (D.Nev. 1996) ("[c]ounsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties .... [t]hat is, a **certificate must include, inter alia, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any**.")

Id. (Emphasis added.)

The motion to compel does not contain such detail. Other than the recitation of the communications addressing extensions of time, which took place prior to the dispute and thus do not satisfy the conferencing requirement, the only mention of an attempt to confer before filing the instant motion is a conclusory claim that "[u]ndersigned counsel for Plaintiffs certifies that he and members of his staff have in good faith conferred with counsel for Defendant and members of his staff in an effort to obtain the requested discovery without court action." Pursuant to the procedures of this court, as set forth in the scheduling order, such a statement is inadequate.

Accordingly, it is hereby ORDERED that plaintiffs' Motion to Compel is DENIED, without prejudice to the right of plaintiffs to bring such a motion again with an appropriate certification of conferencing efforts.

DONE and ORDERED this the 23rd day of November, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE