## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JIM CARTER and JOHN LaPOINTE,** ) | |
| ) | |
| **PlaintiffS,** ) | |
| ) | **CIVIL ACTION NO. 09-117-CG-N** |
| v. ) | |
| ) | |
| **The Vessel BEACON, her engines,** ) | |
| **tackle and apparel, in rem,** ) | **IN ADMIRALTY** |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

On March 6, 2009, Jim Carter and John LaPointe filed a complaint in this court against the vessel BEACON, asserting a maritime lien for unpaid seamen wages. (Doc. 1 & 2). On March 10, 2009, the United States Marshal's Service for the Southern District of Alabama arrested the vessel in Bayou La Batre, Alabama. (Docs. 7 & 8). On August 4, 2009, Jemison Marine, an unincorporated division of T.M. Jemison Construction Co., an Alabama corporation, ("Jemison") filed a complaint in intervention to enforce liens for the furnishing of hydraulics, insulation, diesel service, labor and other necessaries to the vessel BEACON in the amount of $18,945.35. (Doc. 25). This matter is before the court on Jemison's motion for summary judgment (Doc. 28). No response has been filed. After a review of the pleadings and in light of there being no response, the court finds that Jemison's motion is due to be granted and that Jemison is entitled to judgment in the amount of $18,425.35, plus prejudgment interest at 6% per annum from January 1, 2008.

## FACTS

Jemison operates a marine repair facility in Bayou La Batre, Alabama. On various dates in late November and early December 2007, on the order of the owner or a person authorized by

the owner, Jemison furnished shore power, air hydraulics, materials, insulation, diesel service, repairs and labor to the vessel BEACON, which necessaries have a reasonable value of $18,425.35. (Doc. 28-2, Jemison Aff., ¶ 2). This amount of $18,425.35 has been owing to Jemison for said work since January 1, 2008. (Id., ¶ 3).

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## B. Discussion

The Federal Maritime Lien Act provides that a person providing necessaries for a vessel has a maritime lien on the vessel and may bring a civil action in rem in admiralty to enforce the lien and is not required to allege or prove that credit was given to the vessel. 46 U.S.C. § 31342. The term "necessaries" is defined to include "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). However, any goods or services that are provided and "are useful to the vessel, keep her out of danger, and enable her to perform her particular function" are also deemed "necessaries." Equilease Corp. v. M/V Sampson, 793 F.2d 598, 603 (5th Cir. 1986).

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to plaintiff's motion, the court, after a review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, the motion of intervening claimant Jemison for summary judgment (Doc. 28) is **GRANTED** and Jemison is entitled to judgment in the amount of $18,425.35, plus prejudgment interest at 6% per annum from January 1, 2008 .

**DONE and ORDERED** this 19th day of January, 2010.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE