**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JIM CARTER and JOHN LaPOINTE,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CIVIL ACTION NO. 09-117-CG-N** |
| v. | ) | |
| | ) | |
| **The Vessel BEACON, her engines,** | ) | |
| **tackle and apparel, in rem,** | ) | **IN ADMIRALTY** |
| | ) | |
| Defendants. | ) | |

**ORDER**

On March 6, 2009, Jim Carter and John LaPointe filed a complaint in this court against the vessel BEACON, asserting a maritime lien for unpaid seamen wages and penalty wages. (Doc. 1 & 2). On March 10, 2009, the United States Marshal's Service for the Southern District of Alabama arrested the vessel in Bayou La Batre, Alabama. (Docs. 7 & 8). On February 26, 2010, the plaintiff, Jim Carter, notified his attorney J.W. Goodloe, Jr. ("Goodloe") of the law firm Vickers, Riis, Murray and Curan ("Vickers firm") that he had settled his case against the defendants and advised that the services of the Vickers firm would no longer be needed. (Doc. 59). On March 15, 2010, Goodloe filed a motion to withdraw as attorney for Carter which was thereafter granted by this court. (Doc. 62).

On March 15, 2010, Goodloe, on behalf of the Vickers firm, filed a motion to intervene in the present action to assert a claim against the vessel BEACON. In this motion, Goodloe argues that (1) Carter and Vickers had executed a contingent fee employment contract on March 4, 2009; (2) Scott Heimdal ("Heimdal"), the CEO of RS Operations, Inc. which owned the vessel, engaged in ex parte communications with Carter when he knew Carter was represented by

1

counsel; (3) in these communications, Heimdal induced Carter to settle without applying any portion of the settlement funds toward legal fees and expenses; and (4) this inducement constituted tortious interference with Vickers' and Carter's contingent fee employment contract. (Doc. 58). This matter is before the court on Goodloe's motion to intervene, Vickers' brief in support (Doc. 64), and the vessel BEACON's brief in opposition. (Doc. 68).

An action in rem may be brought to enforce a maritime lien whenever a federal statute provides for a maritime action in rem or a proceeding analogous thereto. Supplemental Admiralty Rule C. It is well settled in the Eleventh Circuit that attorneys' fees are not necessaries that create an enforceable maritime lien against a vessel, thus attorneys' fees are not recoverable in in rem admiralty actions. See Offshore Marine Towing, Inc. v. MR23, 412 F.3d 1254, 1256 (11th Cir. 2005); Bradford Marine, Inc. v. M/V Sea Falcon, 64 F.3d 585, 589 (11th Cir. 1995). However, instead of arguing that their attorneys' fees are necessaries,[1] Goodloe "claims a fee secured by an attorney's lien upon Carter's maritime lien claim against the Vessel for wages..." can be enforceable in rem against the vessel BEACON. (Doc. 64, p.4). This argument is not persuasive to this court because a lien upon a maritime lien is not itself a maritime lien that is enforceable through an in rem admiralty proceeding. See The Rock Island Bridge, 73 U.S. 213, 216 (1867)("A maritime lien can only exist upon movable things engaged in navigation, or upon things which are the subjects of commerce on the high seas or navigable waters."). While it may have an actionable in personam claim under Alabama law against Carter or Heimdal/RS

---

[1] The Vickers firm recognized that "Offshore and Bradford precisely exemplify why [the Vickers firm] understands and does not make the claim that its attorney's fees should be awarded based upon the rejected argument that its fees are necessaries creating an enforceable maritime lien against the R/V/ Beacon." (Doc. 64, p. 4).

Operations, Inc., the Vickers firm does not have an in rem claim in admiralty against the vessel BEACON.  Therefore, Goodloe's motion to intervene to assert a claim against R/V Beacon is due to be denied.

## CONCLUSION

For the reasons stated above, Goodloe's motion to intervene to assert a claim against R/V Beacon (Doc. 68) is **DENIED**.

**DONE** and **ORDERED** this 13th day of April, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE